UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLARENCE SPURLOCK,

    Plaintiff,                                      Hon. Paul L. Maloney

v.                                                        Case No. 1:16-cv-1304

RICHARD FULLER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Fuller and Copeland's Motion to Dismiss, (ECF No. 23), and Plaintiff's Motion to Dismiss, (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants Fuller and Copeland's motion be **granted**, Plaintiff's motion **denied**, Plaintiff's claims against Defendant Hunt be **dismissed**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on November 7, 2016, concerning actions which allegedly occurred during his incarceration in the Kalamazoo County Jail. (ECF No. 1). Plaintiff asserted claims against: (1) Kalamazoo County Sheriff, Richard Fuller; (2) Unknown Copeland, an accountant employed by Kalamazoo County; (3) Dr. Jack Hunt, an employee of Gull Pointe Pharmacy; and (4) various Unknown Parties. Plaintiff's claims against the Unknown Parties were previously dismissed. (ECF No. 14). Defendants Fuller and Copeland now move to dismiss Plaintiff's claims.

## ANALYSIS

I.      **Plaintiff's Motion to Dismiss**

In response to the motion to dismiss filed by Defendants Fuller and Copeland, Plaintiff moves the Court to dismiss Defendants' answer, affirmative defenses, and motion to dismiss. Plaintiff fails to articulate any rationale, or identify any authority, to support his dismissal request. Instead, Plaintiff merely argues why Defendants' motion to dismiss should not be granted. Accordingly, the undersigned recommends that Plaintiff's motion to dismiss be **denied**. The Court will, instead, consider Plaintiff's motion as his response to Defendants' motion to dismiss.

II.     **Defendants Fuller and Copeland's Motion to Dismiss**

    A.      Official Capacity Claims

Plaintiff has sued Defendants Fuller and Copeland in their personal and official capacities seeking only monetary damages. Defendants Fuller and Copeland assert that Plaintiff's claims asserted against them in their official capacity must be dismissed pursuant to the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 66 (1989)). The State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff, however, is seeking only monetary relief in this matter. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Fuller and Copeland in their official capacity be dismissed.

B.  Personal Capacity Claims

While Plaintiff asserts in his complaint various causes of actions, most of Plaintiff's allegations concern alleged conduct by the Unknown Parties which have already been dismissed from this action. Defendants Fuller and Copeland assert that to the extent Plaintiff has asserted claims which do not include allegations of misconduct against them, they are entitled to relief.

Defendants are correct that liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Likewise, liability does not attach to a supervisory employee "based solely on the right to control employees, or simple awareness of employees' misconduct." *Walters v. Stafford*, 317 Fed. Appx. 479, 486-87 (6th Cir., Mar. 18, 2009). Instead, Plaintiff must allege *personal involvement* by a particular defendant. *See Bass*, 167

F.3d at 1048 (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"). It is necessary, therefore, to examine Plaintiff's complaint to determine the extent to which Plaintiff has alleged wrongdoing by Defendants Fuller and Copeland.

In this respect, Plaintiff's factual allegations are quite limited and only concern Plaintiff's claim regarding confiscation of money from his jail account. Specifically, Plaintiff alleges that Defendant Copeland seized money from his jail account, without authorization, "to pay for prescription medication." With respect to Defendant Fuller, Plaintiff alleges that Defendant failed to respond to kites and grievances concerning this circumstance. The Court concludes, therefore, that except as to these two claims, Plaintiff has failed to allege personal involvement by Defendants Fuller or Copeland. Accordingly, the undersigned recommends that as to any other claims asserted in Plaintiff's complaint, Defendants Fuller and Copeland are entitled to relief. As to the claims asserted against Defendants Fuller and Copeland, Defendants assert that such must be dismissed for failure to state a claim.

1. Legal Standard

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"


*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

2. Defendant Fuller

The only allegation of wrongdoing Plaintiff asserts against Defendant Fuller is that he failed to respond to his kites and grievances regarding the allegedly improper confiscation from his jail account of money to pay for prescription medications. Liability in a § 1983 action does not attach based

upon allegations that a defendant simply denied a prisoner's grievance or failed to act in response thereto. *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension"). The undersigned, therefore, recommends that Plaintiff's claim against Defendant Fuller be dismissed.

3. Defendant Copeland

Plaintiff alleges that Defendant Copeland improperly seized money from his jail account to pay for prescription medication. Plaintiff fails to articulate in his complaint the precise claim or cause of action to which Defendant's alleged conduct gives rise. In his response to the present motion, however, Plaintiff clarifies that Defendant Copeland's action violated his rights to due process and equal protection. (ECF No. 28 at PageID.99).

Under Michigan law, a municipality may "seek reimbursement from any person who is or was a convicted inmate in the municipal jail or in a county jail for expenses incurred by the municipality in relation to the incarceration of that person," including "[t]he cost of providing medical treatment, prescription drugs, dental care, and other medical examinations or procedures." Mich. Comp. Laws § 801.313(1)(c). However, Michigan law requires that before seeking any such reimbursement, the municipality must develop a procedure to assess the prisoner's financial status and presumably,

therefore, the prisoner's ability to make reimbursement of any amounts claimed. Mich. Comp. Laws § 801.313(3).

Plaintiff does not allege that his money was taken pursuant to or in accordance with the aforementioned statute. To the contrary, Plaintiff alleges that Defendant Copeland simply confiscated his money despite his inability to make the requested reimbursement. To the extent Plaintiff alleges that Defendant's conduct violated his due process rights, Plaintiff's claim is barred by the doctrine articulated by the Supreme Court in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee cannot assert a federal due process claim unless he first demonstrates that the state failed to afford him an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. The *Parratt* rule likewise applies to both negligent and intentional deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff has failed to allege or demonstrate the inadequacy of Michigan's post-deprivation procedures, his due process claim must be dismissed. *See, e.g., Stackhouse v. McDonald*, 2008 WL 108877 at *4 (W.D. Mich., Jan. 7, 2008) (where prisoner claimed that "prison accountant" improperly confiscated money from his prison account, such must be dismissed because prisoner failed to plead or prove the inadequacy of the state's post-deprivation procedures).

To the extent Plaintiff alleges that Defendant Copeland's conduct violated his right to equal protection, such must also be dismissed. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal

protection claim, a plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012). In his complaint, however, Plaintiff makes no allegations that would state a claim under either theory.

Finally, to the extent Plaintiff claims that the confiscation of the money in question violated his Eighth Amendment rights, such must likewise be dismissed. While Plaintiff alleges the improper confiscation of his money, he makes no allegations that such otherwise negatively impacted or detracted from his conditions of confinement. In the absence of any such allegations, any Eighth Amendment claim arising from the facts alleged must be dismissed for failure to state a claim. *See, e.g., Stackhouse*, 2008 WL 108877 at *5 (where prisoner alleged confiscation of money from his prisoner account, but made no other allegations concerning his conditions of confinement, such failed to state a claim under the Eighth Amendment). Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Copeland be dismissed.

### III.          Defendant Hunt

Because Plaintiff is proceeding in this matter as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See*

28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). In his complaint, the only reference to Defendant Hunt is that Plaintiff believes Hunt is "engaging in mail fraud." (ECF No. 1 at PageID.4). Plaintiff's complaint contains no factual assertions, however, which if believed would entitle him to relief on such a claim. In short, Plaintiff has asserted against Defendant Hunt nothing more than an unsubstantiated legal conclusion which fails to state a claim on which relief may be granted. Accordingly, the undersigned recommends that Plaintiff's claim against Defendant Hunt be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants Fuller and Copeland's Motion to Dismiss</u>, (ECF No. 23), be **granted**; <u>Plaintiff's Motion to Dismiss</u>, (ECF No. 28), be **denied**; Plaintiff's claims against Defendant Hunt be **dismissed**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 19, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge