UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Clarence Spurlock,            )
        Plaintiff,            )
                              )        No. 1:16-cv-1304
-v-                           )
                              )        HONORABLE PAUL L. MALONEY
Richard Fuller, et al,        )
        Defendant.            )
_____)

## ORDER

This matter is before the Court on Plaintiff's objection to Magistrate Judge Ellen Carmony's Report and Recommendation concerning Defendants' motion to dismiss, and Plaintiff's motion to dismiss, and Plaintiff's request for an evidentiary hearing. (ECF No. 34.)

On November 7, 2016, Plaintiff Clarence Spurlock initiated the present action, under 42 U.S.C. § 1983, against Defendants Richard Fuller, the Kalamazoo County Sheriff, unnamed Defendant Copeland, an accountant for Kalamazoo County, Dr. Jack Hunt, a pharmacist in Kalamazoo, and three other unnamed defendants. (ECF No. 1.)

On December 13, 2016, Plaintiff's claims against the unnamed Defendants were dismissed. (ECF No. 14.) On January 3, 2017, Defendants Fuller and Copeland filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 23.) Plaintiff responded by filing a competing "motion to dismiss" on January 11, 2017. (ECF No. 28.) The matter was referred to the Magistrate Judge, who entered a Report and Recommendation on May 19, 2017, recommending that "Defendants Fuller and Copeland's motion be **granted**, Plaintiff's motion **denied**, Plaintiff's claims against Defendant Hunt be **dismissed,** and this action **terminated.**" (ECF No. 33 at PageID.130) (emphasis in original).

## Statement of Facts

Plaintiff takes no issue with the facts that the Magistrate Judge lays out. Since Plaintiff only lodges objections against the legal findings of the Magistrate Judge, the Court adopts the Magistrate Judge's summary of the allegations contained in the Complaint. (ECF No. 33.)

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Plaintiff's objection lacks clarity, specificity, and development. While he blanketly asserts that the Magistrate Judge "abused her discretion," he fails to advance any substantive argument as to how the recommendation was contrary to law, or point to any legal deficiency in the reasoning of the Magistrate Judge. (ECF No. 34 at PageID.140–141.)

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developing argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995); *accord McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Plaintiff has failed to "pinpoint those portions of the magistrate's report that the district court must specifically consider," *Mira*, 806 F.2d at 637, and he has further failed to develop any argumentation. In his objection, as just one example, Plaintiff baldly states:

> Plaintiff again assert [sic] that this court abuse [sic] its discretion in his [sic] Report and Recommendation when it state [sic] that Plaintiff sue [sic] lacks an arguable basis either in law or in fact Neitzke v Williams 490 U.S. 319, 325 (1989). Clearly Plaintiff has a Constitutional issue when he allege [sic] that his Property/Money was removed out of his account with Due Process of Law, or Notice that, Fuller and Copeland had the authority to do.

(ECF No. 34 at PageID.141.)

This argument contains no "flesh on its bones." *Citizens Awareness Network*, 59 F.3d at 294. The Report and Recommendation explained how Plaintiff had failed to state a claim with respect to the money because, among other failings, he failed to "demonstrate the inadequacy of Michigan's post deprivation procedures . . . ." (ECF No. 33 at PageID.136

(citing *Stackhouse v. McDonald*, 2008 WL 108877, at *4 (W.D. Mich. Jan. 7, 2008)).) Plaintiff does not explain how this line (or for that matter, other lines) of case law should not apply to his allegations.

The remainder of Plaintiff's objections follow the same pattern—merely baldly repeating his bald allegations and just as baldly asserting that the Magistrate Judge's recommendation was contrary to law. (*See, e.g.*, ECF No. 34 at PageID.140 ("In Plaintiff [sic] Motion for Dismissal he articulate and [sic] Constitution question that his Money/Property was removed from his account without Due Process of law. This Court should have granted the plaintiff [sic] Motion to Dismiss on those Ground [sic].").)

Other objections simply lack any coherence or development. (*See, e.g., id.* at PageID.141 (Objection as to "Defendant Hunt") ("Plaintiff is proceeding in pauper [sic], because he in [sic] a Lawman, if the court concerted [sic] this proceeding as frivolous and malicious, or that Plaintiff has failed to state a claim upon which relief can be granted, just because Plaintiff is a Lawman, then clearly the court has abuse [sic] its discretion, in this Report and Recommendation.").)

Therefore, Plaintiff's **OBJECTIONS** are **OVERRULED**, (ECF No. 34), Plaintiff's request for an evidentiary hearing is **DENIED**, *id.*, and the Magistrate Judge's Report and Recommendation is **ADOPTED** in full. (ECF No. 33.) Plaintiff's motion to dismiss is **DENIED** (ECF No. 28), Defendants Fuller and Copeland's motion to dismiss is **GRANTED** (ECF No. 23), and Plaintiff's claims against Defendant Hunt are **DISMISSED.** (ECF No. 1.)

The Court concurs with the Magistrate Judge's recommendation that any appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:**  June 13, 2017          /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge